UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH TYLER LITTLEFIELD,

  Plaintiff,

v.

MCHAFFIE, et al.,

  Defendant.

CASE NO. 3:21-cv-05470-DGE-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Plaintiff, Joseph Tyler Littlefield, proceeds *pro se* and *in forma pauperis*, in this 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 27. Plaintiff is currently incarcerated at Washington State Penitentiary. Plaintiff now seeks Court appointed counsel. Dkt. 35. For the reasons below, the Court **DENIES** his motion.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff maintains the Court should appoint counsel for him because he cannot afford to hire counsel, his incarceration will greatly limit his ability to litigate, the issues involved are complex and will require significant research and investigation, he has limited access to the law library due to COVID-19 restrictions and limited knowledge of the law, counsel will be better able to present his case at trial. Dkts. 35, 36.

Plaintiff has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel. Both his complaint and the instant motion demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's complaints regarding inability to afford counsel, limited access to the law library, and limited knowledge of the law are not exceptional circumstances as he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs. The Court acknowledges that there may be additional restrictions on law library access due to COVID-19 protocols at Plaintiff's facility. However, Plaintiff fails to demonstrate that any resulting delays in accessing law library resources or limitations on law library time cannot be addressed by appropriate requests for extensions of time made to the Court.

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2

In addition, the case predominantly involves the question of whether Defendants violated Plaintiff's constitutional rights by delaying placing him on a kosher religious diet, providing kosher meals that were nutritionally inadequate and "continuously" missing food items, by retaliating against him when he complained about these issues, and obstructing his use of the grievance process related to these issues. Dkt. 27. This does not appear to be a particularly complex case involving complex facts or law. Moreover, at this early point in the litigation, Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims.

Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion (Dkt. 35). The Clerk shall provide a copy of this Order to plaintiff, counsel for defendants and to the Hon. David G. Estudillo.

DATED this 9th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 3