UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MCHAFFIE, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05470-DGE-BAT<br><br>**REPORT AND RECOMMENDATION** |

　　　Plaintiff moves the Court to enter default judgment in his favor on the grounds Defendants have failed to answer interrogatory questions. Dkt. 37. Defendants argue the Court should deny the motion because the parties have not met or conferred regarding and because Defendants responded to Plaintiff's request. Dkt. 41. As discussed below, the Court recommends Plaintiff's motion for default judgment be DENIED.

　　　In this case, Plaintiff contends he served 12 sets of interrogatories upon defense counsel and Defendants failed to serve answers or objections. Dkt. 38 at 2. Plaintiff contends he attempted to reach out to defense counsel to schedule a meeting to discuss the matter. *Id.* In response, defense counsel requested additional information "about Plaintiff's request to confer." *Id.*

REPORT AND RECOMMENDATION - 1

1  Defendant agrees Plaintiff sent a letter to defense counsel requesting the parties meet and
2  confer; Defendant further avers that Plaintiff admits he received a response from defense counsel
3  requesting more information. Dkt. 41 at 1.

4  Based upon what has transpired in this discovery dispute, default judgment in favor of
5  Plaintiff is inappropriate. To determine whether default judgment is an appropriate discovery
6  sanction, courts look to five factors: "(1) the public's interest in expeditious resolution of
7  litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking
8  sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the
9  availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
10 482 F.3d 1091, 1096 (9th Cir.2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th
11 Cir.2003)). "This 'test' in not mechanical. It provides the district court with a way to think about
12 what to do, not a set of conditions precedent for sanctions ...." *Id*.

13 Here, Defendants contends they did not ignore and completely fail to respond to
14 Plaintiff's discovery requests. Rather, Defendants aver they received 57 individual interrogatories
15 and 34 requests admissions, "to which Defendants responded with objections or
16 objections/answers. There were no interrogatories or admission to which Defendants completely
17 did not respond, i.e., provide no answer or objections." *See* Declaration of defense counsel, Dkt.
18 41 at 4.

19 Although Defendants responded, they aver Plaintiff viewed the responses as unfounded
20 and evasive but failed to provide details about his concern. *Id.* Defense counsel avers she sent
21 Plaintiff a letter requesting more information detailing his specific concerns before meeting and
22 conferring with him. *Id.* Plaintiff, however, never responded and instead filed the instance
23 motion for default judgment. Plaintiff has not contested Defendants' contention that they in fact

submitted answers or objections and that defense counsel requested more information regarding Plaintiff's position that the responses were evasive or unfounded. Under these circumstances, entry of default judgment as a discovery sanction is inappropriate.

The Court's need to manage its docket is not particularly affected by the present discovery dispute. There is no evidence Defendants have engaged in conduct that violates a court order and no evidence that Defendants have engaged in actions that upend the Court's ability to manage its docket and the case. Further, Plaintiff is not prejudiced by Defendant's discovery responses; delay alone is insufficient to warrant a default. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990). Next, Defendants have not engaged in conduct delaying the progression of the case or interfering with the expeditious resolution of this case. *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir.2006) ("We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal."). Finally, the Court has had no previous occasion to sanction or warn Defendant that a default judgment is a possible sanction. *See id*. at 1228–29 (explaining that a court abuses its discretion if it first imposes default judgment as a sanction without first considering whether less drastic sanctions are adequate).

Because no factor weighs in favor of a default judgment, the Court recommends Plaintiff's motion for default judgment be DENIED.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 3

1  Objections, however, may be filed and served upon all parties no later than **March 11,**
2  **2022.**  The Clerk should note the matter for **March 11, 2022**, as ready for the District Judge's
3  consideration if no objection is filed.  If objections are filed, any response is due within 14 days
4  after being served with the objections.  A party filing an objection must note the matter for the
5  Court's consideration 14 days from the date the objection is filed and served.  The matter will
6  then be ready for the Court's consideration on the date the response is due.  The failure to timely
7  object may affect the right to appeal.
8  DATED this 25th day of February, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e