UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>                Plaintiff,<br><br>   v.<br><br>MCHAFFIE, et al.,<br><br>                Defendant. | CASE NO. 3:21-cv-05470-DGE-BAT<br><br>**ORDER DENYING MOTIONS TO EXCLUDE DECLARATION AND TO COMPEL DISCOVERY** |

      Plaintiff, Joseph Tyler Littlefield, filed a *pro se* 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 27. Plaintiff is currently incarcerated at the Washington State Penitentiary. He filed his § 1983 complaint in June 2021 and an amended complaint in November 2021. On March 18, 2022, Defendants filed a motion for summary judgment. Dkt. 48.

      On April 1, 2022, Plaintiff filed two motions. First, Plaintiff moves to exclude the declaration of Shawn Vasconcelles that was submitted in support of summary judgment. Dkt. 57. Plaintiff contends the declaration which regards Plaintiff's medical records is an invasion of privacy and violates prison policy and state law. *Id.*  The Court rejects this contention because Plaintiff alleges in his amended complaint that Defendants caused him to suffer several health-related issues including excessive weight loss, dizzy and fainting spells, emotional distress, and

ORDER DENYING MOTIONS TO EXCLUDE
DECLARATION AND TO COMPEL
DISCOVERY - 1

high blood pressure. *See* Amended Complaint, Dkt. 27 at 21. The Vasconcelles declaration was submitted to show otherwise. By placing his health at issue, Plaintiff has waived the confidentiality of his prison health records as to this lawsuit. *See e.g., Warner v. Velardi*, 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7. 2017) (citing *Fritch v. City of Chula Vista*, 187 F.R.D. 614, 625-26 (S.D. Cal. 1999), modified on other grounds, 196 F.R.D. 562 (S.D. Cal. 1999); *Ferrell v. Glen-Gery Brick*, 678 F.Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived."). "Privacy rights in medical records are neither fundamental nor absolute." *Whalen v. Roe*, 429 U.S. 589, 603-604 (1977). The holder of a privacy right can waive it through a variety of acts, including by written authorization or instituting a lawsuit. *Id*. As Plaintiff alleges Defendants harmed his health, and has placed his health directly at issue, the Court DENIES Plaintiff's request to exclude evidence submitted by Defendant to show otherwise.

Plaintiff also moves to compel Defendants to answer requests for admissions. The motion indicates Defendants responded to Plaintiff's requests last year. Plaintiff argues the responses are insufficient but does not identify which specific requests are at issue and why the answers are insufficient. The Court declines to address a motion lacking specificity as to what requests and answers are at issue. The motion also indicated Plaintiff tried to contact Defendants' lawyer, but defense counsel declined to meet "without a series of steps" which Plaintiff believed were unnecessary and impractical. Dkt. 58 at 5. The last time the issue of discovery arose, the only steps defense counsel asked Plaintiff to undertake was "to send me his specific issues prior to me scheduling the phone call." Dkt. 42 at 5. Because Plaintiff's motion fails to provide sufficient specificity upon which the Court can rule, and because Plaintiff has not shown he has properly

met and conferred with opposing counsel before filing this motion the Court DENIES the motion.

For the foregoing reasons, the Court ORDERS:

(1) The motion to exclude the declaration of Shawn Vasconcelles, Dkt. 57, is **DENIED**.

(2) The motion to compel answers to admissions, Dkt. 58, is **DENIED**.

(3) The clerk shall provide copies of this order to the parties.

DATED this 4th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTIONS TO EXCLUDE
DECLARATION AND TO COMPEL
DISCOVERY - 3