UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH TYLER LITTLEFIELD,

    Plaintiff,

v.

MCHAFFIE, et al.,

    Defendant.

CASE NO. 3:21-cv-05470-DGE-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a detainee of the Washington State Department of Correction filed a *pro se* 42 U.S.C. § 1983 amended complaint alleging Defendants at the Clallam Bay Corrections Center (CBCC) violated his civil rights. The crux of the complaint is Plaintiff's allegation that Defendants provided him Kosher meals with missing food items or inadequate nutrition between May 1 and June 30, 2021. *See* Dkt. 27, Amended Complaint. Plaintiff further claims some Defendants retaliated against him when he complained about missing food items by depriving him of a remedy to obtain adequate nutrition. Plaintiff alleges Defendants' actions caused health issues such as weight loss, fainting spells, elevated blood pressure and emotional distress. *Id.*

On March 18, 2021, Defendants filed a motion for summary judgment, Dkt. 48, supporting declarations, and a notice to Plaintiff that if the Court granted the motion, the case would be dismissed. The notice advised Plaintiff that to oppose the motion Plaintiff cannot rely

REPORT AND RECOMMENDATION - 1

upon allegations in the amended complaint but must set out specific facts in declarations, depositions, or authenticated documents as provided under Fed. R. Civ. P. 56. *See* Dkt. 54. Defendants' motion for summary judgment was originally noted for April 15, 2022. The Court renoted the motion for April 27, 2022 due to issues that delayed receipt of Plaintiff's response opposing summary judgment. On April 18, 2022, the Court received in the mail Plaintiff's response. Dkt. 64. However, the response was not filed on the Court's docket until April 20, 2022. Respondent also filed a reply arguing Plaintiff's response fails to show summary judgment should be denied. Dkt. 65.

The Court has considered the pleadings and record and the motion for summary judgment is now ripe for the Court's consideration. For the reasons below, the Court recommends Defendants' motion for summary judgment be **GRANTED** and the case be **DISMISSED** with prejudice.

## DISCUSSION

**A.     Legal Standards**

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To meet this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its

1  affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v.*
2  *Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).
3      "If the moving party shows the absence of a genuine issue of material fact, the non-
4  moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine
5  issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex*
6  *Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere
7  allegations or denials in the pleadings but must set forth specific facts showing that there exists a
8  genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff
9  must "produce at least some significant probative evidence tending to support" the allegations in
10 the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).
11     Factual disputes whose resolution would not affect the outcome of the suit are irrelevant
12 to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other
13 words, "summary judgment should be granted where the nonmoving party fails to offer evidence
14 from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square*
15 *D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

16 **B.     The Amended Complaint**

17     Plaintiff's amended complaint raises claims based upon the contention Defendants
18 provided him with Kosher meals that were insufficiently nutritious or at times missing food
19 items between May and the end of June 2021 when he was detained at the CBCC. The amended
20 complaint alleges the following Defendants violated his civil rights: Jerry McHaffie, food service
21 manager; Gerald Brady, food service manager; David Kohout, cook; Jeri Boe, superintendent of
22 Clallam Bay; Lori Lawson, Associate superintendent; Christopher Gross, corrections unit
23 supervisor; Andrew Delgado, corrections officer; Clifton Rodrigues, corrections officer; Jeff

REPORT AND RECOMMENDATION - 3

Kettel, corrections officer; James Campbell, corrections officer; Michael Jacobson, classification counselor; Kaci Thomas, corrections specialist; and Kayla Ayers, corrections specialist. Dkt. 27.

The amended complaint alleges Plaintiff's First Amendment rights to "free exercise" of religion were violated because between May 1, 2021 and the end of June 2021, he was provided Kosher meals that failed to meet nutritional standards and which at times were missing food items, *id.* at 9, and that these meals were insufficient and provided in a retaliatory manner. *Id.* at 10. In specific, Plaintiff alleges between May 1 and May 4, 2021, he was denied "a nutritionally adequate meal in its entirety." *Id.* at 11. In support, Plaintiff attached Exhibit A, a copy of a journal he kept. *Id.* Exhibit A contains the following assertions regarding deficient Kosher meals:

On "5-3 received two apples, carrots, unleavened bread and RTE meal for dinner mainline" and "5-4 . . . I was provided a meal that was not complete. It contained 4 pieces of bread, 1 apple, 2 carrots, and 2 jelly 2 peanut butters." *Id.* at 1-2.

On "5-15 . . . Staff members once again refused to provide me with the missing item and instead supplemented the main course of my meal with one packet of peanut butter and one packet of jelly." *Id.* at 5.

On "6-25 . . . Meal provided for dinner was missing items not able to identify specifically due to refusal of administration to provide me a menu but based on past experience the meal is supposed to be accompanied by some sort of vegetable or salad." *Id.* at 8.

On "6-28 Kosher meal missing several items listed on menus (jelly, butter) and containing non-Kosher substitute" and on "6-29 Breakfast meal missing some items (butter, jelly) and containing non-Kosher substitutes"; Lunch and Dinner contained "non-Kosher substitutes." *Id.* at 10.

**B.    Defendants' Motion for Summary Judgment**

REPORT AND RECOMMENDATION - 4

Defendants contend the Court should grant summary judgment and dismiss the case with prejudice for seven reasons.

### 1. *Plaintiff failed to exhaust his remedies*

Defendants first contend Plaintiff failed to properly exhaust his remedies regarding the Kosher meals that he claims were provided in violation of law. Dkt. 48 at 8-10. The failure of a prisoner to properly exhaust his remedies is dispositive and the Court need not address the other reasons proffered by Defendants if it finds Plaintiff failed to properly exhaust his remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

REPORT AND RECOMMENDATION - 5

Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 737 F.3d 1162, 1170 (9th Cir. 2014). If the district judge holds that the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits. *Id*. at 1171. However, Defendants are entitled to summary judgment if "undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." *Id*.

Defendants have filed declarations establishing the Department of Corrections has a grievance program that requires a prisoner to take a grievance through four levels of review (level 0 through III) before a grievance by a prisoner is properly exhausted. *See* Dkt. 53 McKinney Declaration at 8. Also, if a department resolution specialist requests the prisoner rewrite a grievance, the prisoner must submit the rewrite within five working days of receipt of the request. *Id.* at 9. If a grievance is informally resolved and the prisoner is not satisfied, the prisoner can appeal and submit a new request. *Id.*

Defendants aver Plaintiff did not file grievances regarding several incidences supporting his complaint. Plaintiff alleged his Kosher meal of May 15, 2021 was missing a main course. Dkt. 27. Defendants contend Prison records establish Plaintiff did not grieve that a main course was missing from that meal. Dkt. 53, Declaration of McKinney.

Plaintiff also alleged in the fourth week of June 2021 his Kosher meals were missing approved Kosher items and that non-Kosher items were substituted. Dkt. 27. However, Defendants aver Plaintiff's prison records establish Plaintiff did not file grievances related to his meals during the last part of June 2021. Dkt. 53, Declaration of McKinney.

Defendants also argue Plaintiff filed grievances regarding some meals but failed to exhaust his remedies by completing the four-level review process. Dkt. 48 at 9. Plaintiff filed a grievance regarding missing items from a May 14, 2021 meal. Defendant corrections specialist Thomas directed Plaintiff to rewrite the grievance, specifically requesting "please provide the name of the staff you spoke with and the items missing." Dkt. 53, McKinney Declaration. Defendants aver Plaintiff failed to submit the rewrite request and thus failed to exhaust his remedies. Defendants also argue Plaintiff's assertion that he received the rewrite request from Defendant Thomas on May 31, 2021 and it was thus too late for him to submit and exhaust his remedies is meritless. *See* Dkt. 27 Amended Complain at 16. Prison regulations provide inmates five working days to submit a rewrite request from the date the inmate receives the request. Dkt, 53, McKinney Declaration. Plaintiff thus had five working days from May 31, 2021, the date he received the rewrite request, to submit the rewrite request and exhaust his remedies; Plaintiff failed to do so and thus failed to exhaust his administrative remedies.

Defendants also argue Plaintiff filed an emergency grievance regarding the June 6, 2021 meal he received. Dkt. 37 at 9. Prison records establish the grievance was informally resolved and was not deemed an emergency. Dkt. 53, McKinney Declaration. Plaintiff did not appeal the informal resolution and thus did not exhaust his remedies. *Id.* Also, Defendants aver Prison records show Plaintiff did not exhaust his remedies regarding a meal he received on June 18, 2021. Dkt. 48 at 9. Prison records show Defendant Ayers responded to the grievance regarding the June 18 meal and concluded the grievance was unfounded. Plaintiff failed to seek further review, and thus failed to exhaust the grievance. Dkt. 53, McKinney Declaration.

The record thus shows that although the complaint alleges issues with the Kosher meals the prison provided Plaintiff between May and June 2021, Plaintiff either did not grieve the

REPORT AND RECOMMENDATION - 7

meals noted in his complaint or failed to exhaust the grievances that he did submit. Plaintiff has provided no competent evidence that contradicts Defendants' assertions that he failed to properly exhaust his administrative remedies and this action should therefore be dismissed.

In response, Plaintiff argues Defendant Thomas "manipulated the grievance process and deprived Plaintiff of further administrative remedy." Dkt. 64 at 19. In support Plaintiff argues he "exhausted all steps of grievance process offered by Defendants." *Id.* This is a conclusory statement and inadequate to contradict Defendant's evidence that Plaintiff either did not grieve or failed to exhaust grievances he filed regarding his Kosher meals.

Plaintiff also argues after he received Defendant Thomas's rewrite request, he did not exhaust his grievance because she failed to respond to a question he had about how the it was impossible for Plaintiff to comply with the rewrite deadline. *Id.* Plaintiff avers he thus complied with the exhaustion requirements and that it is Thomas' fault he did not submit a rewrite of his grievance. *Id.* at 20. Plaintiff's arguments do not undercut the plain fact that he was asked to submit a rewrite identifying staff that he spoke with regarding the Kosher meals and the food items that were missing from one meal. There is nothing showing he could not provide this information. Plaintiff also provides nothing showing he could not submit the rewrite within five days of receiving it on May 31, 2021. There is thus nothing showing Plaintiff complied with the rewrite request or made any effort to seek further review of the grievance that he filed about food items that were missing from a meal. The Court concludes Plaintiff's argument does not establish facts showing he exhausted his remedies, or is excused from the exhaustion requirement, regarding the grievance and meal in question.

Plaintiff further argues the emergency grievance of June 6, 2021 was not accepted as an emergency in violation of prison regulations as an attempt to manipulate the grievance process

REPORT AND RECOMMENDATION - 8

1 ,and therefore Plaintiff fully exhausted the emergency grievances he filed. Dkt. 64 at 21-22. This
2 bald statement is insufficient to establish exhaustion and is not plausible. The prison rejected
3 Plaintiff's emergency grievance on the grounds there was no emergency, and that the grievance
4 was baseless. Plaintiff could have sought further review but failed to do so. The record thus
5 clearly shows Plaintiff failed to exhaust his remedies regarding the emergency grievance.

6    Even if the Court were to look to the complaint for evidence Plaintiff properly exhausted
7 his remedies regarding Kosher meals he received, that evidence is lacking. The complaint alleges
8 between May 1 and May 4, 2021 Plaintiff was denied "a nutritionally adequate meal in its
9 entirety." Dkt. 27 at 11. The Exhibits Plaintiff attached to his complaint show Plaintiff grieved
10 the Kosher meal he received on May 4, 2021 up to level one. However, Plaintiff did not submit
11 any evidence that he grieved the meals he received on May 1 or May 3, 2021, or that he
12 completed the grievance process regarding the May 4, 2021 meal.

13    Next, Plaintiff attached as an exhibit a prison complaint regarding the Kosher meal he
14 received on May 14, 2021 and a kite asking the prison about its request that Plaintiff rewrite the
15 complaint. Plaintiff attached nothing indicating he submitted a rewrite as requested, sought
16 further review, and exhausted his remedies regarding the May 14, 2021 meal.

17    Plaintiff also attached a prison complaint regarding the Kosher meal he received on June
18 6, 2021. Other than submitting this initial complaint, there is nothing indicating Plaintiff sought
19 further review of the matter and exhausted his remedies.

20    Plaintiff further attached a prison complaint regarding the June 18, 2021 Kosher meal.
21 The prison responded indicating this complaint did not set forth an emergency and Plaintiff's
22 claim the Kosher meal did not provide adequate nutrition was "baseless."  There is nothing
23 establishing Plaintiff sought further review of the matter and exhausted his remedies.

REPORT AND RECOMMENDATION - 9

Although the complaint alleged Plaintiff received Kosher meals on June 25, 28, and 29 that Plaintiff contends were deficient, Plaintiff did not attach anything showing he grieved those meals.

The Court notes the parties spar over whether a grievance Plaintiff submitted in January 2021 serves to exhaust the unexhausted grievances he later filed in May 2021. Plaintiff argues the January 2021 grievance which related to the amount of time it took the prison to approve and provide Kosher meals put Defendants on notice of problems with Kosher meals and thus exhausts the claims he now presents to this Court. But the January 2021 grievance did not involve missing food items or the nutritional value of meals, which is Plaintiff's claim here. The January grievance thus did not provide Defendants notice of the claims herein. Moreover, the claims herein are based upon alleged actions that had not yet occurred in January 2021, and thus could not have reasonably provided Defendants notice of the alleged acts herein. The Court accordingly concludes that the January 2021 grievance did not exhaust the claims before the Court.

In sum, Defendants have established the state prison has a four-level grievance procedure. Plaintiff's complaint which flows from the allegation that his rights were violated because the Kosher meals he was provided were inadequate should be dismissed because he either did not file grievances as to some of the meals and did not exhaust his remedies regarding the grievances that he did file. Because the Court must a prisoner's civil rights lawsuit without prejudice when the prisoner has failed to properly exhaustion, the Court recommends dismissal of the complaint without prejudice for failure to exhaust. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

If the recommendation to dismiss for failure to exhaust remedies is adopted, the Court may but need not address Defendants' other arguments, which are set forth below, in support of summary judgment. If the Court decides to resolve Defendants' other arguments, the Court recommends Plaintiff's claims be dismissed with prejudice.

### 2. *Personal participation of Defendants McHaffie, Boe and Lawson*

Plaintiff seeks relief under § 1983. A Defendant acting under color of state law is liable under § 1983, only if a Plaintiff shows the Defendant personally participated in acts that violated Plaintiff of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under §1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (rejecting the concept of respondeat superior liability in the section 1983 context and requiring individual liability for the constitutional violation); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (requiring personal participation in the alleged constitutional violations).

The complaint alleges Defendant McHaffie is a food service manage, Defendant Boe is the superintendent of CBCC, and Defendant Lawson is the associate superintendent of CBCC. *See* Dkt. 27. Defendants argue the amended complaint fails to set forth any acts committed by Defendants McHaffie, Boe or Lawson that establish they personally participated in acts that violated Plaintiff's rights. Dkt. 48 at 10-11. Defendant notes Defendant Lawson signed a response at level II of the review process to one grievance that Plaintiff submitted but that signing a grievance response does not constitute an act that violated Plaintiff's rights regarding the quality of his Kosher meals. *See* Motion for Summary Judgement, Dkt. 48 at 11.

In response, Plaintiff argues Defendant McHaffie supervises the implementation of Kosher meals. Dkt. 64, at 2. Plaintiff contends the Kosher Meal menu schedule set forth in an exhibit he filed at Dkt. 54 sets forth the foods items to be served and the number of calories each meal was supposed to have. However, Plaintiff alleges, he was served six Kosher meals with

REPORT AND RECOMMENDATION - 11

missing food items, Dkt. 64 at 3, that did not meet the number of calories that a prisoner should receive with a meal. *Id.* Plaintiff's argument does not set forth facts establishing Defendant McHaffie personally participated, and the fact McHaffie held a supervisory role in the service of Kosher meals, is not grounds for liability, as a defendant cannot be held liable under a respondeat superior theory of liability.

Plaintiff in response also argues, broadly, that Defendants Boe, Brady, and McHaffie are guilty of supervisory negligence. Dkt. 64 at 25-27. This fails to establish the personal participation that is necessary for liability because as noted above respondeat superior is not a basis for § 1983 liability.

The Court accordingly recommends all claims against Defendants McHaffie, Boe, (Brady) and Lawson be dismissed with prejudice with prejudice.

### 3. Eighth Amendment

Defendants contend Plaintiff's claim the Kosher meals lacked sufficient nutritional value and were served without all food items lacks support or merit. *Id.* at 12. Defendants assert the allegation the Kosher meals were insufficient is an allegation the meals were provided in violation of the Eighth Amendment. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Thus, a prisoner may allege a violation of the Eighth Amendment regarding the conditions of confinement which includes the meals that the Prison provides.

To prevail on a "conditions of confinement" claim, a plaintiff must show serious deprivation and deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 297–300 (1991).

However, not every deprivation or poor condition of confinement violates the Eighth Amendment. For example, Courts have found that denying a prisoner 21 days of exercise and providing inadequate food, sanitation and care does not necessarily violate the Constitution. *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. *LeMarie v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) citing *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir.1977). The fact the food sometimes is served cold while unpleasant does not amount to a constitutional deprivation. *Id.* (citation omitted).

In *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978), the Supreme Court observed serving inmates a tasteless food concoction called "grue", which provided only 1000 calories a day, might be unconstitutional if served for long periods. Here, Plaintiff's Kosher meals were not limited to 1000 calories a day, and unlike the *Hutto* inmates who lost weight, Plaintiff gained weight despite his claim his Kosher meals were inadequate. *See* Dkt. 51, McHaffie Declaration at 31.

The Court notes in his response to the motion for summary judgment, Plaintiff lists a number of Kosher meals he received in May and June 2021 in which he alleges had missing items and were nutritionally deficient. Dkt. 64 at 11-15. Even assuming these meals lacked some food items, Plaintiff fails to show an Eighth Amendment violation. The record does not show Plaintiff was being starved, lost weight, or got ill because of the meals he received. Rather, the record shows Plaintiff gained weight, notwithstanding his claim of receiving insufficient calories, and did not suffer health problems that one could reasonably say were caused by the food he was served.

REPORT AND RECOMMENDATION - 13

In short, even assuming Plaintiff's meals lacked a food item on several occasions or were at times cold sack type meals, the record clearly shows Plaintiff was not being starved in violation of the Eighth Amendment. Any allegation that the Eighth Amendment was violated should thus be dismissed with prejudice.

### 4. *Free exercise violation*

The complaint alleges a violation of the "free exercise clause of the first amendment." Dkt. 27 at 7. To establish a free exercise claim, Plaintiff "must show the [defendants] burdened the practice of [his] religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), overruled in part on other grounds, *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." *Freeman*, 125 F.3d at 737 (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987)).

Here, Plaintiff alleges on approximately eight occasions, his Kosher meal was missing a food item or was nutritionally inadequate. The record does not support Plaintiff's claim that his first amendment rights were violated because he was served deficient meals. *See* Response to Summary Judgment, Dkt. 64 at 24. Plaintiff may be unhappy with the quality of the Kosher meals he was provided but this inconvenience falls far short of establishing a free exercise violation. There is no evidence that Plaintiff lost weight, had to abandon his religious practices based upon the meals served or got ill. Any free exercise claim should accordingly be dismissed with prejudice.

### 5. *Equal protection claim*

The complaint alleges Defendant Gross's failure to post a Kosher menu to assist Plaintiff in identifying missing items from his Kosher meals "shows a difference of treatment." Dkt. 27 at 10. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall " An equal protection claim may be based upon a showing the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, *see e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "[T]he Equal Protection Clause requires proof of discriminatory intent or motive." *See Navarro v. Block*, 72 F.3d 712, 716 (9th Cir.1995). The amended complaint sets forth no facts establishing discriminatory intent and should be accordingly dismissed with prejudice.

In his response, Plaintiff argues he asked Defendant Gross (and Defendant Brady) for a copy of the Kosher menu to "streamline the verification process when meals were delivered, but the menus were not provided to Plaintiff. Plaintiff argues their actions are a calculated and collective effort to purposefully deprive plaintiff of a nutritionally adequate meal as retaliation." Dkt. 64 at 4. This is a conclusory statement and insufficient to state a claim against the Defendants. Summary judgment should thus be granted, and the allegation dismissed with prejudice.

   6.  ***Retaliation claim***

The complaint alleges Defendants disregarded or manipulated Plaintiff's complaints or grievances about his Kosher meals as a form of retaliation. The amended complaint does not set forth sufficient facts showing retaliation. In his response, Plaintiff sets forth more facts. Plaintiff argues Defendant Brady manipulated the grievance process and deprived Plaintiff of available remedies by meeting Plaintiff and having Plaintiff write a statement that the grievances were resolved in exchange for Brady's promise that Plaintiff's complaints about his Kosher meals

REPORT AND RECOMMENDATION - 15

would be resolved. Dkt. 64 at 4. Plaintiff argues Brady failed to resolve the complaints about the Kosher meals, including failing to provide Defendant Gross with copies of Kosher menus as requested by Plaintiff. *Id*. at 5

The record shows Plaintiff's claim of retaliation or manipulation of the grievance process is unfounded. Plaintiff grieved some of the Kosher meals he received, and did not grieve other Kosher meals, although he mentions them in the complaint. He in fact attached copies of grievances that he submitted to the prison and thus there is no basis to conclude Defendants manipulated the grievance process in a way that prevented Plaintiff from availing himself of administrative remedies or relieved Plaintiff from exhausting his remedies. The fact Plaintiff's grievances were rejected by the prison does not establish retaliation. It might show Plaintiff was dissatisfied with some of the Kosher meals he received or dissatisfied that his grievances did not achieve what he had hoped for but neither establish Defendants acted in a retaliatory manner. Further, although Plaintiff claims Defendant Brady broke his promise to resolve Plaintiff's grievances about the Kosher meals, there is nothing showing Plaintiff grieved that broken promise, as he could have, or was prevented from doing so. Thus, any claim that Defendants manipulated the grievance process or denied Plaintiff the ability to file grievances or exhaust is administrative remedies are unfounded and should be dismissed with prejudice.

    7.    ***Qualified Immunity***

Qualified immunity balances the need to hold public officials accountable when they exercise power improperly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Sandoval v. County of San Diego*, 985 F.3d 657, 676 (9th Cir. 2021). *See also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In determining if an official is protected by qualified immunity in the context of summary

judgment, the Court considers (1) whether the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right and (2) whether that right was "clearly established at the time of the violation." *Sandoval v. County of San Diego*, 985 F.3d at 676. Here the evidence shows Defendants did not violate a constitutional right and thus Defendants are not liable; there is thus no need to somehow find or assume Defendants violated Plaintiff's rights but are shielded by qualified immunity. Additionally, the complaint should be dismissed even before reaching the merits of the allegations in the complaint because Plaintiff failed to exhaust remedies.

## CONCLUSION

Plaintiff's amended complaint raises claims flow from the alleged poor quality of some of the Kosher meals he received at Clallam Bay Corrections in May and June 2021. Although Plaintiff claims dissatisfaction with some of the Kosher meals, he did not grieve all of the meals listed in the amended complaint, and the meals he did grieve were never fully exhausted. Plaintiff provides no plausible basis to excuses him from the exhaustion requirement. Because proper exhaustion is a prerequisite to a prisoner § 1983 action, the complaint should be dismissed without prejudice for this reason alone. Additionally, even if the Court were to somehow excuse Plaintiff from the exhaustion requirement, summary judgment should still be granted because Defendants have established that based upon the facts in this case, Plaintiff's substantive claims fail, and those claims should be dismissed with prejudice.

The Court accordingly recommends the matter be dismissed with prejudice. Dismissal is appropriate because Plaintiff failed to exhaust his remedies. Dismissal with prejudice is in order because Plaintiff's substantive claims fail.

REPORT AND RECOMMENDATION - 17

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 12, 2022.** The Clerk should note the matter for **May 13, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 18