UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>JERRY MCHAFFIE et al.,<br><br>　　　　　　　　Defendants. | NO. 3:21-cv-05470-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

On April 28, 2022, the Honorable Brian A. Tsuchida issued a Report and Recommendation (Dkt. No. 66) in which he recommended Defendants' Motion for Summary Judgment (Dkt. No. 48) be granted and the case dismissed with prejudice. The crux of Plaintiff's claim is Defendants at Clallam Bay Corrections Center provided him Kosher meals with missing food items or inadequate nutrition. (Dkt. No. 27 at 11.) The Report and Recommendation found Defendants "established the state prison has a four-level grievance procedure" and "Plaintiff's complaint which flows from the allegation that his rights were violated because the Kosher meals he was provided were inadequate should be dismissed because he either did not file grievances

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

as to some of the meals and did not exhaust his remedies regarding the grievances that he did file." (Dkt. No. 66 at 10.) Further, as to the merits of Plaintiff's claims, "the evidence shows Defendants did not violate a constitutional right and thus Defendants are not liable." (*Id.* at 17.)

On May 6, 2022, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 71.) Plaintiff contends that his declaration (Dkt. No. 59) was incomplete and not properly filed in support of his opposition (Dkt. No. 64) to Defendants' Motion for Summary Judgment (Dkt. No. 48). Plaintiff provided a 124-page declaration to Department of Corrections (DOC) personnel to be filed with the Court, but the declaration filed contained only 121 pages. (Dkt. No. 71 at 3.) Although Plaintiff requested additional scanning so that the declaration would be entered in its entirety, "[DOC] personnel did not contact Plaintiff for scanning of legal documents until Friday April 15, 2022." (*Id.*) Plaintiff again provided DOC personnel the same declaration, Dkt. No. 59, be filed in support of his opposition to Defendants' Motion for Summary Judgment, but DOC personnel failed to enter the document into EFC entirely. (*Id.*) Due to DOC personnel's failure to properly file Plaintiff's documents, he argues "Plaintiff's Motion Opposing Summary Judgment was not heard with a complete, true and correct copy of all supporting documents and therefore the Court did not have the opportunity to consider the record complete in its entirety . . ." (*Id.* at 4.) Plaintiff further argues "[a]ll reasons for dismissal cited by the Court were adequately addressed by Plaintiff in his motion and supporting documents and evidence put forth that contradicts and debases the arguments of Defendants in their Motion for Summary Judgment." (*Id.* at 5.)

In response, Defendants argue Plaintiff fails to specify what evidence was not considered by the Court, nor does he explain how it would change the conclusions of the Report and Recommendation. (Dkt. No. 73 at 2.) Defendants assert:

> [Plaintiff] seems to flatly assert that because the magistrate judge did not consider unspecified pieces of evidence, the entire Report and Recommendation must be rejected. This conclusory argument does nothing to explain why the Report and Recommendation is factually or legally incorrect.

(*Id.*)

The Court agrees Plaintiff's objections do not present a material issue that would alter the analysis of the Report and Recommendation. Although Plaintiff claims his declaration (Dkt. No. 59) was not properly filed in conjunction with his opposition to Defendants' Motion for Summary Judgment (Dkt. No. 64), his declaration (Dkt. No. 59) was entered in the record on April 1, 2022, and thus, considered by the Magistrate Judge in the Report and Recommendation published April 28, 2022. Indeed, the Report and Recommendation states "[t]he Court has considered the pleadings and *record* and the motion for summary judgment is now ripe for the Court's consideration." (Dkt. No. 66 at 2) (emphasis added). Thus, even if Plaintiff's declaration was not refiled with his opposition, it was a part of the record and considered by the Court.

Further, although Plaintiff claims his declaration is missing three pages, he does not articulate the contents nor the significance of those pages. He provides only the conclusory argument that it would debase all of Defendants' arguments. Without further explanation, the Court does not find this argument compelling. Additionally, in reviewing Plaintiff's 121-page declaration (Dkt. No. 59), the list of exhibits Plaintiff provides matches the supporting documents filed. Therefore, it is not apparent which documents, if any, are missing or what evidence would have been presented in the additional three pages.

Although undoubtedly frustrating and burdensome for Plaintiff, the filing irregularities he presents, standing alone, do not raise a material issue or provide a reason for the Court to reject the analysis for the Report and Recommendation. Accordingly, having reviewed the Report and

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

Recommendation of the assigned United States Magistrate Judge, Plaintiff's objections, Defendants' response, and the remaining record, the Court finds and ORDERS:

1. The Court ADOPTS the Report and Recommendation (Dkt. No. 66).
2. The case is DISMISSED with prejudice.
3. The Clerk is directed to send copies of this Order to the parties.

Dated this 29th day of July 2022.

David G. Estudillo
United States District Judge